FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 AUG 13  AM 10: 56

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MURPHY MARTIN COMARDELLE | * | CIVIL ACTION |
| VERSUS | * | NO. 98-0679 |
| POLLIS HERNANDEZ, ET AL. | * | SECTION "N" |

### ORDER AND REASONS

Before the Court is defendant Sheriff Greg Champagne's Motion for Summary Judgment. The plaintiff has not filed an opposition to the defendant's motion. For the following reasons, the motion is GRANTED.

### A. BACKGROUND

Plaintiff Murphy Martin Comardelle filed this action pursuant to 42 U.S.C. §§1983 and 13981 on behalf of his two minor children against Pollis Hernandez, Harry Dempster, Greg Champagne as the St. Charles Parish Sheriff, Harry J. Morel as District Attorney for St. Charles Parish, and Kurt Sins as Assistant District Attorney for St. Charles Parish. Comardelle alleges that Hernandez murdered Comardelle's ex-wife with the assistance of Dempster. Comardelle further

DATE OF ENTRY
AUG 1 3 2001

alleges that his ex-wife's death could have been prevented by the District Attorney's office and the St. Charles Sheriff's office had they more effectively handled Hernandez's numerous criminal violations.

On April 28, 1998, the District Attorney's office and the Sheriff's office were dismissed from the suit. On August 22, 2000, District Attorney Morel and Assistant District Attorney Sins were dismissed from the suit as well.

## B. STANDARD OF REVIEW

Summary Judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of fact exists where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of demonstrating an absence of evidence to support the non-movant's case. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the opposing party bears the burden of proof at trial, the moving party need not submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. *See* Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991). To oppose a motion for summary judgment, the non-movant must set forth specific facts to establish a genuine issue of material fact and cannot merely rest on allegations and denials. *See* Celotex, 477 U.S. at 324. Factual controversies are to be resolved in favor of the non-moving party. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## C. LAW AND ANALYSIS

In the instant motion, Champagne moves for summary judgment on Comardelle's allegations that Champagne violated his ex-wife's constitutional rights under Title 42 U.S.C. §§1983 and 13981.

### 1. *Title 42 U.S.C. §1983 Claim*

Two allegations are required in order to state a cause of action under Title 42 U.S.C. §1983. First, Comardelle must allege that some person deprived the decedent of a federal right. Second, Comardelle must allege that the person who deprived the decedent of that right acted under color of state or territorial law. *See* Gomez v. Toledo, 446 U.S. 635, 640 (1980). Comardelle alleges that Champagne did not aggressively pursue and arrest Hernandez such that Hernandez was able to commit the murder thereby denying the decedent her rights to life and liberty. "[P]rosecutors are immune from liability in suits under §1983 for acts that are an integral part of the judicial process." *See* Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979). The decision to file or not file criminal charges falls within this category of acts that will not give rise to §1983 liability. *See* Williams v. Hartje, 827 F.2d 1203, 1209 (8th Cir. 1987); Henzel, 608 F.2d at 657. As a result, there is no allegation by the plaintiff that a constitutional right of the decedent's was violated. Accordingly, Champagne's Motion for Summary Judgment on Comardelle's claim that he violated the decedent's constitutional rights in violation of §1983 is GRANTED.

### 2. *Title 42 U.S.C. 13981 Claim*

Plaintiff also alleges violations of the Violence Against Women Act of 1994. 42 U.S.C. §13981. The Act created a civil remedy for victims of gender motivated crimes. However, the Supreme Court recently held that neither the Commerce Clause nor the Fourteenth Amendment provided Congress with the authority to enact §13981. *U.S. v. Morrison*, 529 U.S. 598, 618 (2000).

Accordingly, Champagne's motion for summary judgment on Comardelle's claim that he violated §13981 is GRANTED.

### D. CONCLUSION

For the reasons set forth above, IT IS ORDERED that defendant Champagne's Motion for Summary Judgment is GRANTED.

New Orleans, Louisiana, this __10__ day of __August__, 2001.

_____
EDITH BROWN CLEMENT
CHIEF JUDGE